UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIO GARCIA,<br><br>      Petitioner,<br><br>  v.<br><br>LELAND McEWEN,<br><br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 1:12-cv-00548-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on March 26, 2012, in the United States District Court for the Northern District of California.[1]  (Doc. 1).  On April 9, 2012, it was transferred to this Court. (Docs. 3

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly,

1

& 4).  A preliminary review of the petition, however, reveals that the petition is/may be untimely and should therefore be dismissed.

## DISCUSSION

A.  <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in <u>Herbst</u>.

A.  <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on March 26, 2012, and thus, it is subject to the provisions of the AEDPA.

---

for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on March 26, 2012.  (Doc. 1, p. 7).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert.*

3

*denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998).   In such circumstances, the limitations period would begin to run on April 25, 1996.  Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.).

Here, Petitioner alleges he was convicted in the Superior Court of Madera County on May 25, 1992, and that he appealed his conviction through the state appellate courts in California, which denied his appeal in 1992.  (Doc. 1, pp. 2-3).  Although Petitioner provides scant details, it appears obvious from the allegations in the petition that Petitioner's direct review of his 1992 conviction would have concluded prior to the effective date of the AEDPA.  Accordingly, the limitations period would have commenced to run on April 25, 1996 and would have expired one year later, i.e., on April 25, 1997.  Since the instant petition was not filed until March 26, 2012, the petition, on its face, it untimely by almost fifteen years.

Alternatively, for claims, such as the one raised here, that the state breached a plea agreement, the limitations period begins to run on the date the petitioner learned of the breach.  See Burns v. California, 2009 WL 2381423 at *3 (C.D. Cal. 2009)(limitations period began running on the date of the breach); Crenshaw v. Tilton, 2008 WL 878887 at *6 (S.D. Cal. 2008)(limitations period begins running on date prisoner knew or should have known that a breach occurred"); Singleton v. Curry, 2007 WL 1068227 at *2 (N.D. Cal. 2007)(limitation period for breach of plea bargain claim is determined under section 2244(d)(1)(D)); Daniels v. Kane, 2006 WL 1305209 at *1 (N.D.Cal. 2006)(statute of limitation begins to run on "the date a petitioner knew or should have known that a breach occurred"); Murphy v. Espinoza, 401 F.Supp. 2d 1048, 1052 (C.D. Cal. 2005)(statute of limitation begins to run on date petitioner became aware, or should have become aware, that the plea agreement had been breached).

Here, after his conviction, Petitioner obtained new counsel who filed a motion with the sentencing court to withdraw his guilty plea on the grounds that Petitioner did not fully understand that, by agreeing to a sentence of fifteen years to life, he would not necessarily serve the minimum sentence, but could in fact be incarcerated for the remainder of his life. (Doc. 1, Ex. 1, p. 24). That motion is dated May 5, 1993, less than a year after Petitioner's conviction. Assuming, arguendo, that this was the latest date upon which Petitioner could have learned of the factual basis of his claim of a breach of the plea agreement, the one-year period would still have commenced, under the above-referenced case law, on April 25, 1996 and would have expired one year later, on April 25, 1997. Thus, under either scenario, the instant petition is untimely and, unless saved by applicable tolling, must be dismissed.

B.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Madera County on September 10, 2010, and denied on September 14, 2010; (2) petition filed in the Court of Appeal, Fifth Appellate District ("5th DCA") on October 26, 2010, and denied on February 17, 2011; and (3) filed in the California Supreme Court on March 14, 2011, and denied on September 28, 2011. (Doc. 1, Ex. 1, pp. 65-69).[2]

---

[2] Although Petitioner does not specify the precise date of filing in the California Supreme Court, the Court has accessed the State of California's electronic court website to determine the filing date. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the

Unfortunately for Petitioner, none of these state habeas petitions entitled Petitioner to statutory tolling since they were filed long after his one-year period expired in 1997. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Thus, unless Petitioner is entitled to equitable tolling, the petition should be dismissed as untimely.

     B. Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130

---

California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court makes a preliminary determination that Petitioner is not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **April 12, 2012**                                **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE