**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSE MARIO GARCIA, | ) | Case No.: 1:12-cv-00548-JLT |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS AS A SECOND AND |
| | ) | SUCCESSIVE PETITION |
| LELAND McEWEN, | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS BE |
| Respondent. | ) | FILED WITHIN TWENTY DAYS |
| | ) | |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on March 26, 2012, in the United States District Court for the Northern District of California.[1]  (Doc. 1).  On April 9, 2012, it was transferred to this Court.  (Docs. 3

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the

1

1   & 4).  After a preliminary review of the petition indicated that the petition may be untimely and should

2   therefore be dismissed, the Court, on April 13, 2012, issued an Order to Show Cause why the petition

3   should not be dismissed as untimely.  (Doc. 7).  In the order, Petitioner was afforded the opportunity to

4   file a response indicating why he believed the petition might be timely.  After several extensions of

5   time were granted, Petitioner, on August 10, 2012, filed his response.  (Doc. 13).  Petitioner's response

6   indicated that he had previously filed a federal habeas petition challenging the same conviction as in

7   this case.  Accordingly, the Court accessed its own electronic docket to determine that Petitioner had

8   indeed filed a prior petition in case no. 1:02-cv-05653-AWI-HGB, in which, as here, Petitioner

9   challenged his conviction by plea of guilty that was entered on January 29, 1993.[2]

10          In the prior case, the Court dismissed the petition as untimely, having concluded, as did this

11  Court, that because Petitioner's direct review concluded prior to the enactment of the AEDPA, the

12  one-year limitation period had commenced on April 25, 1996 and had expired on April 24, 1997.

13  (Doc. 16, p. 4, 1:02-cv-05653-AWI-HGB).  The petition was dismissed as untimely, judgment was

14  entered on January 30, 2003, and the case was terminated at that point.  Because this petition

15  challenges the same conviction, it is a second or successive petition and the Court lacks jurisdiction

16  unless Petitioner first obtains permission of the Ninth Circuit.  Accordingly, the Court will recommend

17  dismissal.

18                                                **DISCUSSION**

19          A federal court must dismiss a second or successive petition that raises the same grounds as a

20

21  petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing
    date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

22  Petitioner signed the instant petition on March 26, 2012.  (Doc. 1, p. 7).

23  [2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
    accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th

24  Cir. 1993). The record of court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
    may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise

25  Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
    Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980).

26

27                                                    2

28

prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition attacking his conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

///

3

1

## RECOMMENDATION

2        Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

3  DISMISSED as a second and successive petition.

4        This Findings and Recommendation is submitted to the United States District Court Judge

5  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

6  Rules of Practice for the United States District Court, Eastern District of California.  Within twenty

7  (20) days after being served with a copy of this Findings and Recommendation, any party may file

8  written objections with the Court and serve a copy on all parties.  Such a document should be

9  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

10  Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after

11  service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

12  U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

13  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

14  1991).

15

16

17  IT IS SO ORDERED.

18    Dated:   **October 10, 2012**          **/s/ Jennifer L. Thurston**

19                                   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27                                   4

28